■ UNITED STATES FIDELITY & GUARANTY COMPANY et al., Respondents, v AMERICAN RE-INSURANCE COMPANY et al., Appellants, et al., Defendants. [19 NYS3d 505]—

Order, Supreme Court, New York County (Eileen Bransten, J.), entered on or about June 3, 2015, which denied defendants American Re-Insurance Company, Ace Property & Casualty Insurance Company and Century Indemnity Company's motion for a ruling that the reasonableness of plaintiff United States Fidelity & Guaranty Company's (USF&G) allocation of all settlement dollars to asbestos-insurance claims is properly the subject of evidence at trial, unanimously affirmed, with costs.

While plaintiffs are correct that evidentiary rulings made before trial are ordinarily reviewable only on appeal from the posttrial judgment, the ruling on appeal is an exception, since the trial court did not merely determine the admissibility of evidence but also limited the issues to be tried (*see Rivera v New York Health & Hosps. Corp. [Bellevue Hosp. Ctr. & Gouverneur Diagnostic & Treatment Ctr.]*, 38 AD3d 476 [1st Dept 2007]).

Plaintiff USF&G, an insurer, seeks to recover from defendants, its reinsurers, a share of the nearly billion dollars it paid in settling asbestos claims. The reinsurers' obligation to USF&G is determined by USF&G's allocation of the settlement payment, i.e., the amounts it attributed to each claim and to each policy under which the claims were made. In a prior appeal in this case, the Court of Appeals denied USF&G's motion for summary judgment, in part, finding issues of fact as to whether "USF&G, in allocating the settlement amount, reasonably attributed nothing to the so called 'bad faith' claims made against it," and whether "certain claims were given unreasonable values for settlement purposes" (20 NY3d 407, 415 [2013], *modfg* 93 AD3d 14 [1st Dept 2012]). Bad faith claims are the insured's claims of bad faith denial of coverage; these are not covered by reinsurance (*id.* at 422). Certain claims that might have been given unreasonable values are claims for lung cancer, asbestosis, pleural thickening and "other cancer," the value of which a factfinder could find was inflated by USF&G to include value that should have been attributed to bad faith claims (*id.* at 424, 425-426).

The trial court correctly found that defendants' motion for a ruling allowing evidence on the reasonableness of USF&G's allocation of the entire settlement amount to the asbestos-insurance claims is "contrary to the Court of Appeals decision," which limits the triable issues to the two identified above.

We have considered defendants' remaining arguments and find them unavailing. Concur—Gonzalez, P.J., Friedman, Gische and Kapnick, JJ.

---

Motion to dismiss appeal denied.